# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAMONA BESSINGER, | ) |
| Plaintiff, | ) Case No._____ |
| v. | ) |
| | ) **COMPLAINT FOR** |
| DR. JEROME LARKIN, in his official capacity as Director of the Rhode Island Department of Health; and SEEMA DIXIT, in her official capacity as Deputy Director of Public Health of the Rhode Island Department of Health, | ) **DECLARATORY AND** ) **INJUNCTIVE RELIEF** |
| Defendant. | ) |

## INTRODUCTION

1. In the United States, the privilege of public service should be open to all citizens based on their merit, experience, and willingness to serve, not restricted to members of preferred races and genders. This principle applies to all levels of government, including state-created boards and commissions. The Rhode Island Commission for Health Advocacy and Equity (Commission) advises the Governor, the General Assembly, and the Rhode Island Department of Health on disparities in healthcare and advocates for the advancement of health equity in public policy. But instead of being open to all Rhode Islanders on equal footing, membership on the Commission is restricted by race, ethnicity, and gender.

2. The Director of the Department of Health is statutorily required to appoint twenty members to the Commission. Rhode Island law explicitly mandates that a majority of the Commission's members must be representatives of racial and

ethnic minority populations. Furthermore, a separate state law mandates that appointing authorities endeavor to ensure that the composition of all state boards and commissions reflects the racial and gender diversity of the state's population.

3. Such blatant discrimination against individuals who wish to serve on Rhode Island's public bodies advances no legitimate government purpose. It reduces citizens to their immutable characteristics rather than viewing them as individuals with unique insights and qualifications. It is demeaning, patronizing, and unconstitutional.

4. Plaintiff Ramona Bessinger is a dedicated teacher and a citizen of Rhode Island who wishes to serve her community. She is qualified, ready, willing, and able to be appointed to the Commission. However, because of the state's racial and gender mandates, she is prevented from being considered for a position on an equal basis with other candidates.

5. Plaintiff brings this lawsuit to vindicate her constitutional rights, to guarantee that every qualified citizen in Rhode Island has the equal right to serve on the Commission, and to ensure that Rhode Islanders are represented by appointed bodies whose members are not selected on the basis of race or gender.

## JURISDICTION AND VENUE

6. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over these federal claims under 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) (redress for

deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendants reside in this district, and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred and continue to occur in this district.

## PARTIES

8. Plaintiff Ramona Bessinger is a resident of Rhode Island. She has served as an English teacher in the Providence Public School District for more than two decades. Ms. Bessinger is firmly committed to ensuring that public policy is grounded in principles of equality and merit. She is ready, willing, and able to serve as a member of the Rhode Island Commission for Health Advocacy and Equity. However, because of the statutory mandates requiring racial and gender balancing, she is disfavored and placed at a significant disadvantage for appointment to the Commission.

9. Defendant Dr. Jerome Larkin is the Director of the Rhode Island Department of Health. Dr. Larkin is required by Rhode Island law to make appointments to the Commission. He is sued in his official capacity.

10. Defendant Seema Dixit is the Deputy Director of Public Health for the Rhode Island Department of Health. According to public records maintained by the

Rhode Island Department of State,[1] Deputy Director Dixit asserts authority in the appointment process for the Commission. She is sued in her official capacity.

## FACTUAL ALLEGATIONS

**The Commission for Health Advocacy and Equity**

11. The Rhode Island Commission for Health Advocacy and Equity was codified into law in 2011. It was formerly known as the Minority Health Advisory Committee. R.I. Gen. Laws § 23-64.1-1, *et seq.*

12. The Commission serves in an advisory capacity to the Governor, General Assembly, and Director of the Department of Health. Its statutory purpose includes advocating for the integration of activities to achieve health equity, providing advice on health disparities, and developing a comprehensive health equity plan that addresses social determinants of health. R.I. Gen. Laws § 23-64.1-4(a).

13. Rhode Island law mandates that the Director of the Department of Health "shall appoint twenty (20) individuals" to the Commission. R.I. Gen. Laws § 23-64.1-3(a). The statute provides no discretion for the Director or the Commission to operate with fewer than twenty members or to leave seats vacant.

14. Members of the Commission serve for terms of three years. Commission members may be reappointed for an additional three-year term, provided that no member serves more than two consecutive terms. R.I. Gen. Laws § 23-64.1-3(b).

---

[1] *Health Advocacy and Equity, Commission for: Board Members*, R.I. Dep't of State, https://opengov.sos.ri.gov/OpenMeetingsPublic/BoardMembers?subtopmenuId=203&EntityID=1356&MeetingID=0 (last visited Nov. 20, 2025).

**The Discriminatory Mandates**

15. While the statute requires appointees to possess "working and practical knowledge of social determinants of health," it simultaneously imposes strict racial qualifications on the Commission's composition. Specifically, Rhode Island law mandates that the Director appoint twenty individuals to the Commission, "the majority of whom shall be representatives of the racial and ethnic minority population of the State of Rhode Island." R.I. Gen. Laws § 23-64.1-3(a).

16. This requirement creates an explicit racial set-aside, reserving at least eleven of the twenty seats on the Commission for individuals of specific racial and ethnic backgrounds, effectively barring individuals who do not fit these racial categories from competing for a majority of the seats.

17. In addition to the Commission-specific quota, a separate Rhode Island statute imposes a general diversity mandate on all state boards, commissions, and public authorities, declaring that the effectiveness of each appointed body is enhanced when it reflects the "racial and gender composition" of Rhode Island's population. R.I. Gen. Laws § 28-5.1-3.1(a).

18. Consequently, this statute requires that each person responsible for appointing individuals to any board or commission "shall endeavor to ensure that, to the fullest extent possible, the composition of the [body] reflects the diversity of Rhode Island's population." *Id.*

19. This general mandate requires appointing authorities, including Defendants, to engage in racial and gender balancing when selecting members for the

Commission, ensuring the body mirrors the statistical demographics of the state rather than selecting members based solely on individual merit.

**Plaintiff's Interest and Injury**

20. Plaintiff Ramona Bessinger has been a consistent voice in her community regarding education and public policy. Through her experience as a teacher in Providence, she has developed a strong interest in ensuring that government bodies operate fairly, transparently, and based on meritocratic principles.

21. Ms. Bessinger wishes to serve on the Commission to provide a critical voice regarding equity initiatives and to advocate for health policies that prioritize equality for all Rhode Island citizens.

22. Ms. Bessinger possesses the requisite working and practical knowledge of social determinants of health required by statute, gained through her decades of experience working with diverse student populations in the Providence Public School District and years of public policy advocacy.

23. Public records indicate that the Commission currently has only eighteen members, leaving two vacancies.[2]

24. Ms. Bessinger has attempted to apply for one of the two vacant positions on the Commission. To date, her application has not been accepted.

---

[2] R.I. Dep't of State, *Health Advocacy and Equity, Commission for*, https://opengov.sos.ri.gov/OpenMeetingsPublic/BoardMembers?subtopmenuId=203&EntityID=1356&MeetingID=0 (last visited Dec. 10, 2025).

25. Public records indicate at least one more opening is expected in the coming months. Specifically, the term of at least one current Commission member expires on March 1, 2026.[3] Ms. Bessinger intends to apply for this vacancy and for any other vacancies that arise.

26. By mandating that a majority of the Commission be representatives of specific racial groups, the law compels the Director to classify every applicant, including Ms. Bessinger, based on their race.

27. Both now and in the future, Defendants must consider the race of every prospective appointee of the Commission to ensure compliance with the racial mandate.

28. Ms. Bessinger has a constitutional right to be equally considered for appointment to the Commission without her race being a factor in the decision-making process. However, the Director is statutorily required to engage in racial sorting and evaluate Ms. Bessinger's application through a racial lens to determine how her appointment would affect the Commission's racial composition. R.I. Gen. Laws § 23-64.1-3(a).

29. Additionally, the general state-wide mandate for racial and gender balancing places Ms. Bessinger at a further disadvantage. As the appointing authority strives to mirror the general population's demographics, Ms. Bessinger's opportunity to serve is contingent not on her qualifications but on whether her race

---

[3] *Id.*

and gender are currently underrepresented on the Commission relative to the state population. R.I. Gen. Laws § 28-5.1-3.1(a).

30. Ms. Bessinger is ready, willing, and able to be appointed to the Commission. She intends to apply for the next available position, whether it arises from the filling of current vacancies or the expiration of current members' terms.

31. However, so long as these racial and gender quotas remain in place, Ms. Bessinger will never receive equal consideration for openings on the Commission. Her application is, and will continue to be, disfavored because of her race and gender.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### R.I. Gen. Laws § 23-64.1-3(a) Violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution

32. Plaintiff hereby realleges and incorporates the allegations in all preceding paragraphs by reference.

33. Under the Fourteenth Amendment to the United States Constitution, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

34. Rhode Island law imposes explicit racial and ethnic classifications on appointments to the Commission for Health Advocacy and Equity.

35. R.I. Gen. Laws § 23-64.1-3(a) expressly requires the Director of the Department of Health to consider and make decisions on the basis of race and ethnicity when making appointments to the Commission for Health Advocacy and

Equity, by mandating that a majority of members be representatives of racial and ethnic minority populations.

36. Specifically, the statute mandates that a "majority" of the twenty members appointed "shall be representatives of the racial and ethnic minority population of the State of Rhode Island."

37. Governmental classifications on the basis of race violate the Equal Protection Clause unless they are narrowly tailored to a compelling governmental interest.

38. The racial mandate in R.I. Gen. Laws § 23-64.1-3(a) does not serve a compelling governmental interest, nor does it remediate specific instances of past discrimination.

39. Even if the racial mandate in R.I. Gen. Laws § 23-64.1-3(a) served a compelling governmental interest, it is not narrowly tailored to remediate past, intentional discrimination.

40. The racial mandate in R.I. Gen. Laws § 23-64.1-3(a) stereotypes individuals on the basis of race, treats all individuals of different races as fungible, mandates rigid racial quotas, requires racial balancing, has no good faith exception, and has no end date.

41. Plaintiff Ms. Bessinger has no adequate remedy at law to compensate for the loss of her equal protection rights. She will suffer irreparable injury absent an injunction prohibiting Defendants' enforcement of R.I. Gen. Laws § 23-64.1-3(a).

42. Ms. Bessinger is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of R.I. Gen. Laws § 23-64.1-3(a).

## SECOND CAUSE OF ACTION
**R.I. Gen. Laws § 28-5.1-3.1(a) Violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**

43. Plaintiff hereby realleges and incorporates the allegations in paragraphs 1–31 by reference.

44. R.I. Gen. Laws § 28-5.1-3.1(a) requires appointing authorities to consider and make decisions on the basis of race and gender when making appointments to state boards, commissions, and governing bodies.

45. Specifically, the statute mandates that appointing authorities "shall endeavor to ensure that, to the fullest extent possible, the composition of the [body] reflects the diversity," including the "racial and gender composition," of Rhode Island's population.

46. The racial mandate in R.I. Gen. Laws § 28-5.1-3.1(a) does not serve a compelling governmental interest, nor does it remediate specific instances of past discrimination.

47. Even if the racial mandate in R.I. Gen. Laws § 28-5.1-3.1(a) served a compelling governmental interest, it is not narrowly tailored to remediate past, intentional discrimination.

48. Governmental classifications on the basis of gender are subject to intermediate scrutiny and violate the Equal Protection Clause unless the government

10

can demonstrate that the classification serves an important governmental objective and that the discriminatory means employed are substantially related to the achievement of those objectives.

49. The gender mandate in R.I. Gen. Laws § 28-5.1-3.1(a) does not serve an important governmental objective. It relies on overbroad generalizations and stereotypes about the different talents, capacities, or preferences of males and females.

50. The racial and gender mandates in R.I. Gen. Laws § 28-5.1-3.1(a) stereotype individuals on the basis of race and gender, mandate racial and gender balancing to mirror state population demographics, operate as rigid quotas, and have no end date.

51. Plaintiff Ms. Bessinger has no adequate remedy at law to compensate for the loss of her equal protection rights. She will suffer irreparable injury absent an injunction prohibiting Defendants' enforcement of R.I. Gen. Laws § 28-5.1-3.1(a).

52. Ms. Bessinger is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of R.I. Gen. Laws § 28-5.1-3.1(a).

**THIRD CAUSE OF ACTION**
**R.I. Gen. Laws § 23-64.1-3(a) and § 28-5.1-3.1(a) Violate the Citizenship Clause of the Fourteenth Amendment to the United States Constitution**

53. Plaintiff hereby realleges and incorporates the allegations in paragraphs 1–31 by reference.

54. The Fourteenth Amendment to the United States Constitution provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside." U.S. Const. amend. XIV, § 1.

55. The Citizenship Clause guarantees all the rights of citizenship to every citizen of the United States, including all the rights of citizenship of the state wherein he or she resides.

56. The right to serve on state boards and commissions is a right of citizenship.

57. R.I. Gen. Laws § 23-64.1-3(a) and § 28-5.1-3.1(a) require Defendants to deny some Rhode Island citizens a right of citizenship while extending that right to others.

58. The denial of a right of citizenship to a citizen of the United States violates the Citizenship Clause of the Fourteenth Amendment and is subject to heightened judicial scrutiny.

59. Plaintiff has no adequate remedy at law to compensate for the loss of her equal citizenship rights. She will suffer irreparable injury absent an injunction prohibiting Defendants' enforcement of these discriminatory statutes.

60. Ms. Bessinger is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of R.I. Gen. Laws § 23-64.1-3(a) and § 28-5.1-3.1(a).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. A declaration that the racial mandate in R.I. Gen. Laws § 23-64.1-3(a) violates the Equal Protection Clause and the Citizenship Clause of the Fourteenth Amendment to the United States Constitution;

2. A declaration that the racial and gender mandates in R.I. Gen. Laws § 28-5.1-3.1(a) violate the Equal Protection Clause and the Citizenship Clause of the Fourteenth Amendment to the United States Constitution;

3. A permanent prohibitory injunction forbidding Defendants and Defendants' agents from enforcing, or attempting to enforce, the racial and gender mandates in R.I. Gen. Laws § 23-64.1-3(a) and § 28-5.1-3.1(a);

4. An award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988;

5. Nominal damages in the amount of $1.00; and

6. Such other relief the Court deems just and proper.

DATED: December 16, 2025.

Respectfully submitted,

| | |
|---|---|
| STEPHEN HOPKINS CENTER FOR CIVIL RIGHTS | PACIFIC LEGAL FOUNDATION |
| s/ Giovani D. Cicione<br>Giovani D. Cicione<br>R.I. Bar No. 6072<br>86 Ferry Lane<br>Barrington, RI 02806<br>Telephone: (401) 996-3536<br>g@cicione.law | Brandon C. Beyer<br>Minn. Bar. No. 0403249*<br>3100 Clarendon Boulevard, Suite 1000<br>Arlington, VA 22201<br>Telephone: (202) 888-6881<br>BBeyer@pacificlegal.org<br><br>Caleb R. Trotter<br>Cal. Bar No. 305195*<br>555 Capitol Mall, Suite 1290<br>Sacramento, California 95814<br>Telephone: (916) 419-7111<br>CTrotter@pacificlegal.org<br><br>*Pro Hac Vice Application forthcoming* |

*Attorneys for Plaintiff*